[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 9, 2006
THOMAS  K. KAHN
CLERK

_____

No. 04-16637

_____

D. C. Docket No. 03-22552-CV-MGC

KARMA INTERNATIONAL, S.A.R.L.,
a Luxembourg corporation,
KEITH F. COOPER,
as responsible person of CHS Electronics, Inc.,

Plaintiffs-Appellants,

versus

BERND KARRE,
PATRICK MATZINGER,
JOAQUIM RIBEIRO,
RAOUL STELLA,
THIERRY VAN DOREN,
ROBERT WINDISCH,
MOTTAR HOLDING, N.V.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 9, 2006)**

Before BIRCH and MARCUS, Circuit Judges, and MILLS[*], District Judge.

PER CURIAM:

Karma International, S.à.r.l. (KISA), and Keith Cooper, the bankruptcy trustee for CHS Electronics, Inc. (CHS), appeal from the district court's dismissal of their state law claims against Bernd Karré, Patrick Matzinger, Joaquim Ribeiro, Raoul Stella, Thierry Van Doren, Robert Windisch, and Mottar Holding, N.V.[1]

The district court dismissed the plaintiffs' claims based on a finding that it could not exercise subject matter jurisdiction over either plaintiff's claims. After thorough review, we conclude that the district court properly dismissed the action. KISA's claims were not "related to" CHS's bankruptcy in a manner that would support bankruptcy jurisdiction under 28 U.S.C. § 1334(b). Any recovery KISA might make on its claims would flow to CHS's bankruptcy estate only by virtue of a contractual relationship between CHS and KISA's current owner, Europa IT, promising CHS a share of the litigation proceeds. This relationship is too remote to

---

[*]Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

[1]The appellants, KISA and Cooper, initially appealed against eleven defendants. On February 27, 2006, we granted a motion by the appellants to dismiss their appeal against one of these defendants, Deutsche Financial Services (UK) Limited. On February 28, 2006, we granted a motion by the appellants to dismiss their appeal against an additional defendant, Gabriela Ingold. The appellants further informed the court at oral argument that they have entered settlements with two more defendants, Antonis Papaionnou and Richard Jonker, and intend to move for dismissal of their appeals against those defendants.

support "related to" jurisdiction under § 1334(b). "Related to" jurisdiction is appropriate only when "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, Inc. v. Higgins (In re Pacor, Inc.), 743 F.2d 984, 994 (3d Cir. 1984)). This case does not satisfy that standard.

As for CHS's own claims, they were premised not on injuries suffered by CHS, but on injuries sustained by KISA. CHS lacks standing to sue for injuries to KISA. Standing requires that a plaintiff demonstrate an injury in fact to its own interests. See, e.g., Sierra Club v. Morton, 405 U.S. 727, 734–35 (1972) ("[T]he 'injury in fact' test . . . requires that the party seeking review be himself among the injured."). KISA's loss of control over its subsidiaries and other assets was a loss to KISA, not a loss to CHS.

Finally, the district court did not abuse its discretion in dismissing the case without granting the plaintiffs leave to amend their pleading, for it was clear in this case that the jurisdictional deficiency lay in the facts of the plaintiffs' case, not the technicalities of their pleadings.

The judgment of the district court is AFFIRMED.

3